IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED
IN OPEN COURT

SEP 2 4 2020

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>CHRISTOPHER JOHN DAVIS, JR.,<br>   a/k/a/ "Boogie,"<br>   a/k/a/ "CJ,"<br>   (Counts 1 – 4)<br><br>and<br><br>KENYA DORITA JOHNSON,<br>   a/k/a "Kash,"<br>   (Counts 1 - 3)<br><br>Defendants. | Criminal No. 1:20-CR-197<br><br>Count 1: 21 U.S.C. § 846<br>(Conspiracy to Distribute Cocaine Base)<br><br>Count 2: 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2<br>(Possession with Intent to Distribute Cocaine Base)<br><br>Count 3: 18 U.S.C. §§ 924(c)(1)(A)(i) and 2<br>(Possession of a Firearm in Furtherance of a Drug Trafficking Crime)<br><br>Count 4: 18 U.S.C. § 922(g)(1)<br>(Possession of a Firearm by a Prohibited Person)<br><br>Forfeiture: 18 U.S.C. § 924(d)(1); 21 U.S.C. § 853; and 28 U.S.C. § 2461(c) |

SUPERSEDING INDICTMENT

September 2020 Term – at Alexandria, Virginia

Count One
(Conspiracy to Distribute Cocaine Base)

THE GRAND JURY CHARGES THAT:

Conspiracy

From in and around June 2019, and continuing to in and around October 2019, the exact dates being unknown to the grand jury, in Prince William County, within the Eastern District of Virginia, and elsewhere, the defendants, CHRISTOPHER JOHN DAVIS, JR., and KENYA

1

DORITA JOHNSON, unlawfully, knowingly, and intentionally combined, conspired, confederated, and agreed with each other and other persons, both known and unknown to the Grand Jury, to distribute a mixture and substance containing a detectable amount of cocaine base, commonly known as crack cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## Quantity of Cocaine Involved in the Conspiracy

With respect to defendant JOHNSON, her conduct as a member of the conspiracy charged in Count One, which includes the reasonably foreseeable conduct of other members of the conspiracy charged in Count One, involved 28 grams or more of a mixture and substance containing a detectable amount of cocaine base, commonly known as crack cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B)(iii).

With respect to defendant DAVIS, his conduct as a member of the conspiracy charged in Count One, which includes the reasonably foreseeable conduct of other members of the conspiracy charged in Count One, involved a quantity of a mixture and substance containing a detectable amount of cocaine base, commonly known as crack cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(C).

## Ways, Manner, and Means

The primary purpose of the conspiracy was to make money through the distribution of cocaine base within the Eastern District of Virginia. The ways, manners, and means by which DAVIS, JOHNSON, and their co-conspirators carried out this purpose included, but were not limited to, the following:

1. During the course and in furtherance of the conspiracy, members of the conspiracy acquired cocaine base from a source or sources of supply in and near northern Virginia.

2. Members of the conspiracy distributed cocaine base in the Eastern District of Virginia.

3. Members of the conspiracy possessed cocaine base for further distribution in the Eastern District of Virginia.

4. Members of the conspiracy possessed firearms in furtherance of their drug trafficking in the Eastern District of Virginia.

5. Members of the conspiracy used cell phones to communicate with each other, including through voice calls, text messages, and social media platforms.

## Overt Acts

In furtherance of the conspiracy, and to effect the objects thereof, DAVIS, JOHNSON, and their co-conspirators committed overt acts in the Eastern District of Virginia and elsewhere, including but not limited to, the following:

1. From approximately June 2019 through approximately October 2019, JOHNSON regularly distributed quantities of cocaine base in the Eastern District of Virginia.

2. From approximately late August 2019 through on or about September 24, 2019, DAVIS regularly distributed quantities of cocaine base in the Eastern District of Virginia.

3. On or about September 24, 2019, in Prince William County, in the Eastern District of Virginia, DAVIS and JOHNSON possessed with intent to distribute approximately 7.2 grams of cocaine base and a firearm.

(All in violation of Title 21, United States Code, Section 846.)

## Count Two
(Possession with Intent to Distribute Cocaine Base)

THE GRAND JURY CHARGES THAT:

On or about September 24, 2019, in Prince William County, Virginia, within the Eastern District of Virginia, the defendants, CHRISTOPHER JOHN DAVIS, JR., and KENYA DORITA JOHNSON, unlawfully, knowingly, and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of cocaine base, commonly known as crack cocaine, a Schedule II controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.)

## Count Three
(Possession of a Firearm in Furtherance of a Drug Trafficking Crime)

THE GRAND JURY FURTHER CHARGES THAT:

On or about September 24, 2019, in Prince William County, Virginia, within the Eastern District of Virginia, the defendants, CHRISTOPHER JOHN DAVIS, JR., and KENYA DORITA JOHNSON, did knowingly possess a firearm in furtherance of a drug trafficking crime for which they may be prosecuted in a court of the United States, that is, Possession with Intent to Distribute Cocaine Base, in violation of Title 18, United States Code, Section 841(a)(1), as set forth and charged in Count Two of this Indictment.

(In violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2.)

Count Four
(Possession of a Firearm by a Prohibited Person)

THE GRAND JURY FURTHER CHARGES THAT:

On or about September 24, 2019, in Prince William County, Virginia, within the Eastern District of Virginia, the defendant, CHRISTOPHER JOHN DAVIS, JR., knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, namely, one count of Maiming and one count of Attempted Robbery in the Circuit Court of Fairfax County, Virginia, on or about December 9, 2016, knowingly possessed a firearm in and affecting commerce.

(In violation of Title 18, United States Code, Section 922(g)(1).)

## FORFEITURE NOTICE

THE GRAND JURY FURTHER FINDS PROBABLE CAUSE FOR FORFEITURE, AS DESCRIBED BELOW:

Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, the defendants are hereby notified that:

1. If convicted of either of the violations alleged in Counts One and Two of this Indictment, they shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a), the following: (1) any property constituting, or derived from, any proceeds the defendant(s) obtained, directly or indirectly, as the result of such violation; and (2) any property used, or intended to be used, in any matter or part, to commit, or to facilitate the commission of, such violation.

2. If convicted of any of the violations set forth in this Indictment, they shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved in or used in such violation.

Pursuant to 21 U.S.C. § 853(p), the defendant(s) shall forfeit substitute property, if, by any act or omission of the defendant(s), the property referenced above cannot be located upon the exercise of due diligence; has been transferred, sold to, or deposited with a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

(Pursuant to Title 18, United States Code, Sections 924(d)(1); Title 21, United States Code, Section 853; Title 28, United States Code, Section 2461(c); and Federal Rule of Criminal Procedure 32.2.)

A TRUE BILL

Pursuant to the E-Government Act,,
The original of this page has been filed under seal in the Clerk's Office

_____
Foreperson of the Grand Jury

G. Zachary Terwilliger
United States Attorney

By: _____
Natasha Smalky
Assistant United States Attorney